Day, Chief Judge.
Two questions are presented : 1. Did the appeal have the effect to bring the demurrer to the third defense before the appellate court to be disposed of by that court ? 2. If so, did that court err in overruling the demurrer?
1. There "was but one final order or decree rendered by the common pleas; from that decree the defendants appealed. The appeal vacated the findings and judgments of the court below on all the issues of law and fact made .by the pleadings in the case. The statute provides that “ the action so appealed shall be again tried, heard and decided in the district court, in the same manner as though such district court had original jurisdiction of the action.” S. & S. 589. In the common pleas no issue had been taken upon the third defense but one of law by demurrer. In that form it stood before the district court. It was the right of the defendant to insist upon that defense, and that necessitated a decision of the demurrer; the appellate court, therefore, did not err in regarding the demurrer as before it for decision.
2. Did the district court err iu overruling the demurrer to the third defense ? The answer to this question depends entirely upon what effect is to be given that part of the final judgment, pleaded in bar to the present action, which is expressed in the words, “ without prejudice to a future *381 action.” These words constitute a part of the former judgment dismissing the plaintiff’s petition. But it is claimed’ that the words “without prejudice” have no effect, as it it does not appear that the case came within any of the-grounds upon which it might, under section 372 of the-code, be dismissed without prejudice; and that, on the contrary, it appears that the case was so tried that under that section “ the decision must be upon the merits.”
We have not the record nor the report of the referee ilithe former ease before us, and can not tell on what ground the court dismissed the case without prejudice to a future-action. That case was brought before the plaintiff’s mortgage to the defendant in possession was paid, and such facts-may have been shown by the report of the referee, as induced the referee and court to regard that action as premature. We are bound to infer from the judgment rendered, since nothing to the contrary appears, that the facts of the-ease were such that the court would not have approved the report of the referee, unless it was such as to require or warrant a judgment without prejudice to a future action. But, however that may be, the actual judgment rendered does not appear to be one that is conclusive of the merits-of the case. To give it the effect of such a judgment would not only create that which does not exist, but might work a great wrong to the plaintiff’ by finally determining a just cause of action which the court did not adjudge against, him, and by misleading him to acquiesce in a judgment from which he would have appealed had it been regarded as conclusive. If the judgment was erroneous, the party aggrieved might have corrected it by a proper proceeding for that purpose. But so long as that is not done, and it remains acquiesced in by the parties, it must stand as it was-rendered, for it can not be collaterally impeached.
The judgment is an entirety, and if it has any validity, it must stand as rendered. If the judgment was so far against the law that it must be'regarded as void, then there was-no valid judgment on the merits, and it is, therefore, in legal effect, no better than a judgment without prejudice- *382 If the dismissal without prejudice was void for want 01 power to make it, as is claimed, then there is no valid judgment, for there was no other dismissal than that which is without prejudice. The judgment pleaded in bar is not such a judgment as ought to have been, or might have been rendered, but never was; but it is the one actually rendered, which is without prejudice. Upon that judgment the party must stand, and, being without prejudice t« a future action, it is not a bar to the action to which it was pleaded. The district court, therefore, erred in overruling the demurrer to the plea. It follows that the judgment must be reversed, the demurrer sustained, and the cause remanded for further proceedings according todaw.

Judgment accordingly.